

FILED
JUN 2 6 2018
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN F. LANCE,<br><br>　　　　Petitioner,<br>　vs.<br><br>JAMES SALMONSON; TIM FOX,<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>　　　　Respondents. | Cause No. CV 18-113-M-DLC-JCL<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This matter is before the Court on John F. Lance's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Lance is a state prisoner proceeding pro se.

I.    **Motion to Proceed in Forma Pauperis**

After reviewing the motion and supporting account statement, I find that Lance has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

II.   **28 U.S.C. § 2254 Petition**

Rule 4 of the Rules Governing Section 2254 cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

Based upon a review of Lance's Petition and Brief in Support (Docs. 1 & 2), as well as the Montana Supreme Court's decisions referenced herein, it appears that Mr. Lance's petition should be denied for failure to state a cognizable federal habeas claim.[1]

## A. Factual and Procedural Background

Lance seeks to challenge a judgment of Montana's Twenty-First Judicial District, Ravalli County, entered in Cause No. DC-14-237. Pet. (Doc. 1 at 2). Lance was convicted of Intimidation, Stalking, Violation of a Protective Order, and Criminal Trespass to Property. Lance was designated a persistent felony offender and sentenced to a seventy-five year prison sentence. *Id.* at 3. The Court is familiar with the legal odyssey Lance has been engaged in over the years. *See e.g., Willavize v. Lance*, CV-93-mc-13-M; *Lance v. Larson*, CV-12-82-M-DLC, (judg. of dismissal entered Nov. 27, 2012); *Lance v. State, et. al.*, CV-05-13-DWM, (judg. for defendants entered Aug. 20, 2007); and, *In re: Lance*, CV-18-38-H-DLC-JTJ (or. closing case entered June 19, 2018). The Montana Supreme Court has summarized the Lance's state filing history as follows:

> Lance's current appeal stems from his decades-long insistence that his 1979 decree of dissolution was void and the resulting sheriff's sale of real property located near Florence, Montana was invalid. In connection with his

---

[1] Mr. Lance has filed a second habeas petition in *Lance v. Salmonson, et. al.*, Cause No. CV-18-114-M-DLC-JCL, which raises similar, but not identical claims. That matter will be addressed by separate order.

2

attempts to regain the property after its sale in 1981, Lance was convicted of three separate attempts of felony intimidation in three separate counties and committed to the Montana State Prison. Incarcerated, Lance engaged in decades of litigation in the State and Federal courts disputing the validity of his decree of dissolution, the subsequent property sale, and his criminal convictions. This Court has issued four decisions and three orders affirming the validity of his decree of dissolution, the subsequent property sale, and his criminal convictions. *See Lance v. Lance*, 195 Mont. 176, 635 P.2d 571 (1981) ( *Lance I*); *In re Marriage of Lance*, 213 Mont. 182, 690 P.2d 979 (1984); *State v. Lance*, 222 Mont. 92, 721 P.2d 1258 (1986); *Lance v. Fourth Judicial Dist. of Mont.*, No. OP 11-0553, 363 Mont. 416, 285 P.3d 1052, (table) (Dec. 6, 2011); *Lance v. Twenty-First Judicial Dist.*, Nos. OP 11-0747, 11-0748, 11-0771, 364 Mont. 551, 286 P.3d 248, (table) (Feb. 14, 2012); *Lance v. Fourth Judicial Dist. Court*, No. OP 13-0289, 311 P.3d 445, (table) (June 19, 2013) (*Lance Order*); and *State v. Lance*, No. DA 15-0329, 2016 MT 97N, 2016 Mont. LEXIS 285 (*Lance IV*).

The State discharged Lance from prison in March 2014. Preceding his release, the current owners of the property obtained an order of protection against Lance because of his harassing correspondence. Lance violated that order of protection twice in the months following his release and, in 2015, a jury convicted him of four offenses: (1) felony intimidation; (2) felony stalking; (3) misdemeanor order of protection violation; and (4) misdemeanor criminal trespass. The District Court designated Lance a persistent felony offender, sentenced him to seventy-five years for each felony and six month for each misdemeanor, and ordered him to pay restitution. Lance appealed and we affirmed his convictions addressing two issues: (1) whether evidence regarding Lance's decree of dissolution and the subsequent property sale was properly excluded from his 2015 trial; and (2) whether restitution was proper. Next, Lance filed a petition for postconviction relief in Montana's Twenty-First Judicial District Court. The District Court dismissed Lance's petition.

*Lance v. State*, 2018 MT 23N, ¶¶ 3-4, 413 P.3d 811 (Mont. 2018)

### B. Lance's Claims

Similar to claims he has attempted to advance in the state courts, Lance alleges in the present habeas petition that: 1) the 1979 dissolution decree is void *ab*

3

*initio*, and 2) all sales of the Nighthawk Ranch, the real property near Florence, Montana, are void *ab initio*. (Doc. 1 at 4).

In support of his first claim, Lance alleges that Judge Wheelis *sua sponte* entered default judgment in Lance's 1979 dissolution, ignored the Montana Rules of Civil Procedure, entered false decree recitals, and unjustly awarded Dale Lance (Dale), Lance's ex-wife, all of the personal property. Lance asserts Dale ignored his two timely Answers to the dissolution petition and that the subsequent award of property to Dale constituted fraud. *Id.* Lance also directs the Court to various documents contained in appendices attached to briefs he filed with the Montana Supreme Court and filed in this Court's record. *See*, (Doc. 2 at 3-8) (referencing additional materials).

In relation to his second claim regarding the sale of Nighthawk Ranch, Lance argues "by analogy to the rules applicable to collateral attacks upon judgments" that a judicial sale may be collaterally attacked if it is void and that no preclusive effect can be given to void judgments. (Doc. 1 at 5); *see also* (Doc. 2 at 9-10). Lance maintains that he currently believes he is still married to Dale and that the divorce that occurred is a nullity. (Doc. 2 at 2). Lance asks this Court to vacate all legal orders and decisions made by Judge Langton in Ravalli County and return Nighthawk Ranch to him, vacate Lance's dissolution decree, and vacate the Nighthawk Ranch orders, thus leaving Lance as the sole ranch owner. (Doc. 1 at 7,

¶ 16).

## C. Analysis

Federal habeas courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody..." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Additionally, federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also, Peltier v. Wright,* 15 F. 3d 860, 861061 (generally federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). Thus, unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable via a petition for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Lance's complaints about how the state trial and appellate courts have handled his proceedings do not present a basis for federal habeas relief.

Although Lance cites to federal case-law in his petition and brief, what he actually seeks is to have this Court review prior state court rulings and the application of Montana law, which have repeatedly upheld both Lance's dissolution and the sale of Nighthawk Ranch. Lance asks this Court to vacate all state court orders, including those entered by Judge Langton in Ravalli County,

and vacate his dissolution and the sale of his ranch. The relief Lance seeks has been litigated and decided multiple times in the Montana state courts. Moreover, despite citation to federal law, the core of Lance's claims lie in state law. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. *Estelle*, 502 U.S. at 67-68; *Jackson v. Ylst*, 921 F. 2d 882 (9th Cir. 1990) (federal court has no authority to review state application of state law). Thus, even if this Court were to determine there was some error in the application of state law in Lance's dissolution proceedings or in the sale of Nighthawk Ranch, the error would not serve as the predicate for a viable habeas claim. Only errors of federal law can support federal intervention in state court proceedings, and only to correct such errors. *Oxborrow v. Eikenberry*, 877 F. 2d 1395, 1400 (9th Cir. 1989). Federal courts are bound by states' interpretations of their own laws. *Himes v. Thompson*, 336 F. 3d 848, 852 (9th Cir. 2003).

Moreover, despite Lance's deeply held beliefs, the grant of a dissolution in 1979 and the subsequent distribution of the ranch property in 1981 is not the basis for Lance's current incarceration. The basis for his incarceration is the 2015 convictions for felony Intimidation and Stalking. Thus, Lance's concern with the dissolution and the property sale, and the perceived injustices that have flowed from these two events, do not constitute a challenge to the legality of his current custody. *See, Preiser*, 411 U.S. at 484. In either analysis, Lance cannot state a

claim for which habeas relief could be granted.

### D. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt that Lance's claims are not cognizable and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

### ORDER

1. Mr. Lance's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

### RECOMMENDATION

1. Mr. Lance's Petition (Doc. 1) should be DENIED.

2. The Clerk of Court should be directed to enter, by separate document, a

judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lance may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b) (1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lance must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 26th day of June, 2018.

/s/ *Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lance is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.